

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| DAVID RODRIGUEZ MONTES, AKA: DAVID R. MONTES, | § | No. 08-13-00060-CR |
| Appellant, | § | Appeal from the |
| v. | § | 372nd District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC# 1261184D) |

## **O P I N I O N**

In one issue, David Rodriguez Montes seeks reversal of his conviction for driving while intoxicated, contending that the trial court failed to properly instruct the jury on a specific provision of the Texas Transportation Code pertaining to motor vehicle taillights. We affirm.[1]

### **BACKGROUND**

The facts in this case are undisputed. Appellant's SUV had four taillights, two on each side. One taillight on the top left side had burned out. The other three remained operational. A police officer stopped Appellant for having a defective taillight, believing that Appellant had violated the Texas Transportation Code. *See* TEX.TRANSP.CODE ANN. § 547.322 (West 2011)(regulating motor vehicle taillamps). During the stop, the officer came to believe that

---

[1] We hear this case on transfer from the Fort Worth Court of Appeals, and decide this case in accordance with its precedent. *See* TEX.R.APP.P. 41.3.

Appellant was intoxicated, and he arrested Appellant on suspicion of DWI.

At trial, the trial court submitted, without objection, a charge to the jury containing the following language:

> You are instructed that our law provides that a motor vehicle shall be equipped with at least two taillamps . . . .
>
> A taillamp shall emit a red light plainly visible at a distance of 1,000 feet from the rear of the vehicle.
>
> You are further instructed that it is an offense to operate a vehicle on a public road that does not meet these requirements.
>
> .        .        .
>
> Now, bearing in mind these instructions, if you find from the evidence that, on the occasion in question, Police Officer Bradley Vick did not have a reasonable suspicion to believe that the Defendant, David Rodriguez Montes, was on a public road operating a motor vehicle that did not have at least two taillamps at a height of 15 to 72 inches and at the same level and spaced as widely apart as practical or that the vehicle taillamps did not emit a red light plainly visible at a distance of 1,000 feet from the rear of the vehicle immediately preceding the Defendant's stop and detention by the officer, or if you have a reasonable doubt thereof, you will disregard any and all evidence obtained as a result of the Defendant's detention and arrest by the officer and you will not consider such evidence for any purpose whatsoever.

Appellant objected during closing arguments to the State's characterization of the Texas Transportation Code requirements:

[The State]:   [T]he Transportation Code requires a vehicle if it has taillights, those taillights have to be working properly and they have to emit a red light.  All of them have to do that and all of them did not do that in this particular case.

[Appellant]:   Object.  That is a misstatement of the law and misstatement of the charge.

.        .        .

[Court reporter reads transcript back to the Court]

2

.        .        .

[Appellant]:    Your Honor, the Transportation Code, as is in the charge, says two taillamps, not all taillamps. That is a misstatement of the law and misstatement of what is in the charge.

[The Court]:    I'll let you argue that position.  I'm letting them argue this position.   I'm overruling your objection because of the ambiguity in the Transportation Code.  So I'll overrule your objection as a matter of law.

[Appellant]:    Okay.

[The Court]:    Because they are two different sections that say two things. You may continue.

The jury found Appellant guilty.  This appeal followed.

## DISCUSSION

Appellant maintains that the trial judge's refusal to definitively instruct the jury on what the Texas Transportation Code mandated for vehicle taillights because the statute was ambiguous constituted error.   He further argues that this purported error caused him harm because the prosecution incorrectly set out the law pertaining to taillights during closing arguments.  We find that charge error, if any, was rendered harmless because prosecution correctly set out the applicable law to the jury.

### *Standard of Review*

The trial court must give the jury "a written charge distinctly setting forth the law applicable to the case . . . ."  TEX.CODE CRIM.PROC.ANN. art. 36.14 (West 2007).  We review jury charge error claims first to verify error, then for harm stemming from any error.  *Ngo v. State*, 175 S.W.3d 738, 743 (Tex.Crim.App. 2005).  Where a defendant objects to the charge, a showing of "some harm" will justify reversal for charge error.  *Id*.  Where the defendant does not object to the charge, he must show egregious error to obtain reversal.  *Id*. at 743-44.

3

*Analysis*

The operative question at bar is whether the requirement that "[a] taillamp shall emit a red light plainly visible at a distance of 1,000 feet from the rear of the vehicle[,]" TEX.TRANSP.CODE ANN. § 547.322(d), applies to all taillights on a vehicle, or only the two minimum taillamps required by law under Section 547.322(a). Neither side cites any authority in support of its contentions, nor the Court has not found any on-point authority in its independent research. The construction of these provisions is apparently a matter of first impression.

"The starting point in any statutory construction analysis is the plain language of the statute in question." *Ex parte Whiteside*, 12 S.W.3d 819, 821 (Tex.Crim.App. 2000). "When a statute is clear and unambiguous, we should apply the plain meaning of its words, unless that plain meaning leads to absurd results." *Id*. If a statute is ambiguous, or the unambiguous words lead to an absurd result, then we may consider "extratextual factors." *Id*.

Here, the statute is unambiguous. TEX.TRANSP.CODE ANN. § 547.322(a) requires all motor vehicles made after 1960 to possess at least two "taillamps." "*A taillamp* shall emit a red light plainly visible at a distance of 1,000 feet . . . ." *Id*. at § 547.322(d)[Emphasis added]. The shift from the plural "taillamps" in subsection (a) to the singular "a taillamp" in (d) shows that the Legislature contemplated both the existence of multiple "taillamps" on a vehicle and that each individual taillamp would be subject to the Transportation Code requirement. Because the statute is plain and unambiguous, our legal analysis concludes there.

In sum, all of the taillights on Appellant's vehicle were subject to the Transportation Code requirements, and because one of the taillights did not comply with TEX.TRANSP.CODE ANN. § 547.322(d), the police officer had the legal authority to stop Appellant for a traffic violation. Even if the trial court erred by refusing to give a definitive instruction on a law it

perceived to be "ambiguous," the prosecutor argued the proper legal standard to the jury during closing arguments. The jury, in turn, used that standard—and not the incorrect standard that Appellant argued—and applied it to the undisputed facts in implicitly rejecting suppression and finding Appellant guilty. Appellant cannot demonstrate that he suffered any harm from the trial court's purported error.

Issue One is overruled. The judgment of the trial court is affirmed.

February 20, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)